# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| COTY EDGAR, | § | |
| | § | No. 21, 2017 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1508012447 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellant. | § | |

Submitted:  November 1, 2017
Decided:    November 14, 2017

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## O R D E R

This 14th day of November, 2017, having considered the briefs and the record below, it appears to the Court that:

(1)    On August 16, 2015, while on patrol, a Wilmington police officer observed a maroon Kia Forte traveling westbound in the fourteen-hundred block of West 4th Street in Wilmington. After noticing the vehicle's registration sticker was "partially obscured by a frame,"[1] the officer conducted a traffic stop.[2] The officer approached the driver, Coty Edgar, and requested his license, registration, and proof of insurance. Edgar in turn provided the Officer with a State of Delaware

---

[1] App. to Opening Br. A041, A043 (containing photographs of the license plate).
[2] App. A033, A099.

identification card. Noticing "nervous" behavior, the Officer then asked Edgar for his permission to search the vehicle. Edgar consented.

(2) Upon searching the vehicle, the officer discovered a plastic shopping bag in the trunk. The officer opened the bag and found a black case, "consistent with a case that a gun would be stored in."[3] The Officer opened the case and discovered thirty-two rounds of ammunition and a handgun. Edgar asserted that the weapon belonged to his girlfriend. At the police station, however, Edgar stated, "I was the one that took the gun from the apartment, placed it in the trunk of our vehicle."[4]

(3) Prior to trial, Edgar filed a motion to suppress, asserting that the police had no legal basis to stop his vehicle as no information on the license plate was obscured or concealed within the meaning of 21 *Del C.* § 2126. Edgar, therefore, requested that the Superior Court suppress the handgun and ammunition as fruit of the poisonous tree. The Superior Court denied the motion.

(4) Following a two-day jury trial, Edgar was convicted of (i) Possession of a Firearm by a Person Prohibited; and (ii) Possession of Ammunition by a Person Prohibited. As to the former conviction, the court sentenced Edgar to ten years' imprisonment, suspended after five years, followed by probation. As to the latter,

---

[3] App. A103.
[4] App. A170.

2

the court sentenced Edgar to five years' imprisonment, suspended for one year at supervision Level III.

(5)     Edgar asks this Court to reverse his convictions and remand this case for a new trial, contending that the Superior Court erred in its construction of 21 *Del C.* § 2126(c)(1), a statute prohibiting, among other things, the placement of material around license plates that conceals or obscures any information on the plate, including the registration sticker.

(6)     The Superior Court's determination that the arresting officer possessed a reasonable and articulable suspicion to stop Edgar's vehicle presents issues of law and fact.[5]  We review the trial judge's legal conclusions *de novo* for errors in formulating or applying legal precepts.[6]  We review the trial judge's factual findings under an abuse-of-discretion standard.[7]  As a general matter, we will not disturb a trial judge's factual findings if they are supported by competent evidence, especially when they are based on the credibility of a witness.[8]

(7)     21 *Del C.* § 2126(c)(1) provides:

> No number plate, or any portion thereof, shall be covered with any tinted material, nor shall any other material be placed on or around a number plate which would conceal and/or obscure any information contained thereon, including the registration expiration sticker. Plate frames that do not conceal and/or obscure any information contained

---

[5] *See Jones v. State*, 745 A.2d 856, 860 (Del. 1999).
[6] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1284-85 (Del. 2008).
[7] *See id.* at 1285.
[8] *McGonigle v. State*, 568 A.2d 1072, 1989 WL 154709, at *2 (Del. 1989) (unpublished table decision).

3

on the plate, including the registration expiration sticker, are not prohibited by this section.

(8) Although Edgar has chosen to focus his argument on appeal on the definition of "obscure" applied by the Superior Court, the resolution of his motion and this appeal turns on two facts. First, it is undisputed that there was a decorative frame on top of the license plate in question and that the frame covered at least a portion of the registration sticker. Second, the trial judge found the arresting officer's testimony "wholly credible"—that, because of the frame, she could not discern from a distance of approximately fifteen feet away whether the registration sticker had expired.

(9) Those two findings—that the officer was unable to discern the contents of the sticker and that this inability was caused by the frame— provide adequate support for the Superior Court's legal conclusion that the officer had a reasonable and articulable suspicion of wrongdoing sufficient to justify the detention of Edgar's vehicle. Because those two findings were based on the trial judge's assessment of the officer's credibility and are supported by competent evidence, they do not constitute an abuse of discretion, and there is no basis to disturb them on appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Gary F. Traynor
Justice